Richard Kwun, Bar #249134
LEGAL HELPERS, P.C.
428 J Street, Suite 410
Sacramento, CA 95814
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: rkw@legalhelpers.com
*Attorney for Plaintiff Aime Wootten*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| Aime Wootten<br><br>    Plaintiff,<br><br>v.<br><br>Global Credit & Collection Corporation<br><br>    Defendant. | Case No.<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around May 2008, Defendant telephoned Plaintiff's place of employment and spoke to Plaintiff.

10. During this communication, Plaintiff notified Defendant that Plaintiff was not allowed to receive personal phone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls and her place of employment.

11. Despite Plaintiff's notice, Defendant telephoned Plaintiff's place of employment several times thereafter.

12. Despite having notice, on or around August 7, 2008, Defendant telephoned Plaintiff's place of employment and spoke to Plaintiff's supervisor ("Supervisor").

13. During this communication, Defendant represented to Supervisor that Defendant was calling to verify Plaintiff's employment and would be sending some paperwork to Plaintiff's place of employment.

14. During this communication, Defendant represented to Supervisor that, unless Plaintiff contacted Defendant by the end of that day, Defendant would send a fax to Supervisor.

15. On or around August 7, 2008, Plaintiff telephoned Defendant and left a voice message.

16. During this communication, Plaintiff again notified Defendant that Plaintiff was not allowed to receive personal phone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls and her place of employment.

17. Despite having notice, on or around August 8, 2008, Defendant telephoned Plaintiff's place of employment.

18. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive or was not permitted to receive Defendant's calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SIX

**Violation of the Rosenthal Fair Debt Collection Practices Act**

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. In communicating with Plaintiff at Plaintiff's place of employment for purposes other than verifying employment, obtaining location information, or effectuating a garnishment, Defendant violated California Civil Code §§ 1788.12(a).

## COUNT SEVEN

**Invasion of Privacy by Public Disclosure of a Private Fact**

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's supervisor.

34. The threat of legal action to these parties is highly offensive.

35. The information disclosed is not of legitimate concern to the public.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

38. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

39. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

40. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

41. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

42. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

43. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages pursuant to California Civil Code § 1788.30(a), statutory damages for a knowing or willful violation in an amount

up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

d. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *s/ Richard Kwun*
Richard Kwun, Bar #249134
428 J Street, Suite 410
Sacramento, CA 95814
Tel:  1.866.339.1156
Fax: 1.312.822.1064
Email: rkw@legalhelpers.com
*Attorney for Plaintiff Aime Wootten*